United States of America v. Richard Ben Mr. Scott, you may proceed. Thank you, Your Honor. May it please the Court. As you said, my name is Mike Scott. I'm here on behalf of Richard Ben, a member of the Choctaw Nation in the state of Mississippi. Mr. Ben was convicted of a 924 use of a gun in a crime of violence in 2012. It was part of a plea agreement which the government alleges waived his right to appeal. In the certificate of appealability that this Court granted in this case, the Court asked us to discuss whether this Court erred in its assessment of the merits of Ben's claim and directed us to look at United States v. Wilkes and United States v. Burns, both cases from the Fifth Circuit. In United States v. Burns, as we argued in our brief, Mr. Burns pled guilty with an appellate waiver during the pendency of the Booker case in 2004-2005. Blakely had already been decided, which overruled the mandatory guideline scheme of the state of Washington, and so the pendency was there. Burns was aware that that could conceivably apply under the Booker, and as this Court called it at the time, Fan-Fan cases. And so he pled regardless of those decisions and did not seek an appellate waiver that allowed him to appeal the mandatory guideline sentence. He did not seek to renegotiate his plea, and he did not seek to go forward. He simply sought to have a direct appeal of that issue and the imposition of the mandatory guideline case. So it's our position that that case does not apply to Mr. Burns' case. Counsel, even if you were successful on the waiver, appellate waiver issue, it seems that on the merits that our decision in Brewer is somewhat problematic for your client's position, very problematic. Your Honor, that's putting it mildly. However, we disagree with the Court's ruling. In Brewer, as that case the Court talks about, that was a bank robbery case where it has the same language as 2111, which is the intimidation language. But we have to follow Brewer regardless of whether you disagree with it, don't we? I understand. Don't you lose under Brewer and you have to take your argument to the en banc court or the Supreme Court and the rest of it, even if it doesn't matter whether you have appellate waiver or not? That is correct, Your Honor. And one of the issues we are doing is preserving this for appeal, as we have with other cases like this. The Court has, quite honestly, ruled in Brewer as the bank robbery statute of the intimidation. It's our position that the Johnson case from 2010 and even the Stokelyn case from 2019 would require force more than just intimidation, but we do preserve it for error. Is there anything else you want to argue to us today, Counsel? Your Honor, I'd only argue the appellate waiver, but I will concede my time. Is there anything that you all want to hear? Counsel, we appreciate your candor and your preparation today. Thank you. Thank you, Your Honor. Thank you. Counsel, do you have anything for us today? I'm sorry? Do you have anything for us today? Other than what's been briefed? Is that the question? Yes. And did you just hear your opposing counsel? Well, I heard he conceded the appellate or the waiver piece. He conceded the whole— Oh, I'm sorry. I thought he only conceded the appellate piece or the waiver piece. My apologies. No, I mean, we're not forbidding you from speaking. You have time, and you're welcome to argue. It's fine. I've argued before, but if the Court had any questions, I just wanted to make sure I was here to address those because, as I said, I didn't hear that he had waived the portion concerning intimidation. Well, he doesn't waive it. He recognizes our precedent is binding but disagrees strongly with our precedent. I understand. And even the latest case of this Court in Purvis addressed this intimidation issue, so there's even a more recent opinion setting forth that intimidation is not a way to get around this. In your view, Purvis, Brewer, indistinguishable from this case? Yes. All of the robberies, the same language, both the 2111, 2113, all use a manner of intimidation, so it should apply in the analysis equally between them. Right. So we're, I mean, even if hypothetically I disagree with those and I'm not saying I do, we'd have to follow them. That's correct, Your Honor. Nothing further? Thank you. Thank you. Thank you all for your preparation and coming forth today. We appreciate it.